[Civ. No. 11295. Second Appellate District, Division One.—July 26, 1937.]

LAURA JONES, Appellant, v. M. E. ESTEP, Respondent.
DELOS JONES, Appellant, v. M. E. ESTEP, Respondent.

Elmer P. Friel for Appellants.

Kenneth J. Murphy for Respondent.

DORAN, J.—Plaintiffs, husband and wife, filed separate actions against defendant, each seeking alleged damages arising out of an automobile collision which occurred in the afternoon of January 26, 1936, at a street intersection in Los Angeles. The two cases were consolidated for the purpose of trial. Judgment was given for defendant in each case and findings were waived.

By stipulation, both causes have been consolidated upon appeal from the judgments.

█ Appellants contend that because the testimony of defendant, the only witness for the defense, was "inherently improbable and physically impossible" there was no real or substantial conflict in the evidence; that the evidence shows conclusively that defendant was negligent and that such negligence was the proximate cause of the accident; and that therefore the evidence does not support the judgment.

█ Appellants' argument, in substance, appears to be based on the proposition that evidence adduced by the plaintiffs could not be considered by the court as favorable to the defendant. Such is not the law. Six witnesses in all, including both plaintiffs, appeared for plaintiffs. There was ample evidence in such testimony, together with the testimony of defendant, to support the judgment.

There is no merit in appellants' contention that defendant's testimony is inherently improbable or, in effect, physically impossible.

The judgments are affirmed.

Houser, P. J., and York, J., concurred.